RECEIVED
IN LAFAYETTE, LA.

MAR 3 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. CALLAHAN | * | CIVIL ACTION |
| VERSUS | * | DOCKET NO.: CV06-0561 |
| GULF LOGISTICS, L.L.C., DIAMOND OFFSHORE DRILLING, INC., DIAMOND OFFSHORE SERVICES COMPANY, | * | SECTION L-O<br>JUDGE DOHERTY |
| DIAMOND OFFSHORE MANAGEMENT COMPANY, LLOG EXPLORATION COMPANY, L.L.C., AND LLOG | * | MAGISTRATE ____<br>MAGISTRATE JUDGE HILL |
| EXPLORATION OFFSHORE, INC. | * | RULE 9(h) ADMIRALTY |

******************************************************************************

COMPLAINT FOR DAMAGES ARISING OUT OF PERSONAL INJURY

TO THE HONORABLE, UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF LOUISIANA, LAFAYETTE-OPELOUSAS DIVISION:

The complaint of Christopher S. Callahan, a citizen of Louisiana, and resident of Vermilion Parish, respectfully represents:

1.

This Court has jurisdiction over these matters by virtue of the admiralty and maritime grant of Article III of the United States Constitution, from which 33 USC §905(b) was derived, and the claims brought hereunder are hereby identified as admiralty or maritime claims within the meaning of F.R.C.P. Rule 9(h).

2.

Made defendants herein are:

(A) GULF LOGISTICS, L.L.C., upon information and belief, a Louisiana limited liability company, whose domiciliary address is 11828 Highway 1, Larose, LA 70373 and mailing address is P. O. Box 249, LaRose, LA 70373-0249, and whose registered agent for service of process is Neil G. Vincent, 1015 St. John Street, Lafayette, LA 70501;

(B) DIAMOND OFFSHORE DRILLING, INC., upon information and belief, a Delaware corporation, licensed to do and doing business in Louisiana, with its principal business establishment in Louisiana at 6501 Freetown Road, New Iberia, Louisiana 70560, and whose registered agent for service of process in the State of Louisiana is C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809;

(C) DIAMOND OFFSHORE SERVICES COMPANY, upon information and belief, a Delaware corporation, licensed to do and doing business in Louisiana, with its principal business establishment in Louisiana at 8550 United Plaza Blvd., Baton Rouge, LA 70809, and whose registered agent for service of process in the State of Louisiana is C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809;

(D) DIAMOND OFFSHORE MANAGEMENT COMPANY, upon information and belief, a Delaware corporation, licensed to do and doing business in Louisiana, with its principal business establishment in Louisiana at 6501 Freetown Road, New Iberia, Louisiana 70560, and whose registered agent for service of process in the State of Louisiana is C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809;

(E) LLOG EXPLORATION COMPANY, L.L.C., upon information and belief, a Louisiana limited liability company, whose domiciliary and mailing address is 433 Metairie Road, Ste. 600, Metairie, Louisiana 70005, and whose registered agent for service of process is Kemberlia K. Ducote, 433 Metairie Road, Ste. 600, Metairie, Louisiana 70005; and

(F) LLOG EXPLORATION OFFSHORE. INC., upon information and belief, a Louisiana business corporation, whose domiciliary and mailing address is 433 Metairie Road, Ste. 600, Metairie, Louisiana 70005, and whose registered agent for service of process is Kemberlia K. Ducote, 433 Metairie Road, Ste. 600, Metairie, Louisiana 70005;

which defendants are justly and truly indebted, jointly, severally, and in solido, to plaintiff, Christopher S. Callahan, in an amount of not less than Three Million ($3,000,000.00) Dollars, together with legal interest, costs of court, expert fees, and all general and equitable relief, for the following, to-wit:

3.

On information and belief, at all times pertinent hereto, and specifically, on April 10, 2005, defendants, Gulf Logistics, L.L.C., Diamond Offshore Drilling, Inc., Diamond Offshore Services Company, Diamond Offshore Management Company, LLOG Exploration Company, L.L.C., and/or LLOG Exploration Offshore, Inc., and/or their parent or affiliated companies, owned, managed, operated, chartered, leased, and/or otherwise controlled or partially controlled the M/V Ms. Nancy, a crew boat and supply vessel, the Ocean Spartan, a jack-up drilling vessel, and the A-2 well located in Block 102 of the South Marsh Island area of the Gulf of Mexico.

4.

At all times pertinent hereto, Christopher S. Callahan was an employee of Cooper Cameron Corporation, a foreign business corporation, and was assigned by his employer, pursuant, on information and belief, to a contractual agreement with one or more defendants to do service work aboard the jack-up drilling vessel, Ocean Spartan, and upon the A-2 well which was then, upon information and belief, being serviced by the Ocean Spartan.

5.

At all times pertinent hereto, Christopher S. Callahan's transportation from the coast of Louisiana to the Ocean Spartan was arranged for by defendants, and, pursuant to said arrangements, plaintiff was instructed to board the crew boat M/V Ms. Nancy at a dock in Berwick, Louisiana, for transport as a passenger aboard that vessel to the Ocean Spartan.

6.

In accord with his instruction, plaintiff Christopher S. Callahan boarded the M/V Ms. Nancy for transportation, as aforesaid, by that vessel to the Ocean Spartan.

7.

The M/V Ms. Nancy arrived at the Ocean Spartan in South Marsh Island Block 102 after dark on the evening of April 10, 2005, at which time plaintiff was instructed by the vessel's crew that it was time to disembark the MV Ms. Nancy and to board the Ocean Spartan, and that his transfer from one vessel to the other was to take place by personnel basket.

8.

In accord with these instructions, the plaintiff, who had several bags containing tools and personal belongings, placed those bags that were in the cabin of the M/V Ms. Nancy through the cabin door ahead of him and then came out onto the deck of the M/V Ms. Nancy.

9.

At this time the weather was heavy and the wind and seas were high.

10.

Plaintiff, again following instructions, proceeded to gather his bags for the purpose of carrying them to the location on the deck where the personnel basket would be lowered, and he began this process by lifting the bag containing his personal clothing and belongings, which weighed approximately thirty-five pounds, and which he lifted to approximately chest height.

11.

As plaintiff got his bag to approximately chest height, the M/V Ms. Nancy, due to the sea conditions, suddenly and drastically pitched and/or rolled and/or heaved to the side of the vessel which the plaintiff was facing.

12.

This sudden and drastic motion of the vessel caused the surface of the deck to suddenly slope at a drastically downward angle which caused plaintiff's body weight to suddenly and forcefully shift and caused him to struggle to maintain his footing and to avoid falling.

13.

As a result of the vessel's movement and its effect upon his body, plaintiff sustained serious injury to his low back and hips.

14.

Plaintiff's injury was caused by the negligence of the defendants, through their agents and employees, in the following non-exclusive particulars:

(a) using, or attempting to use, the vessels, the M/V Ms. Nancy and the Ocean Spartan, and/or initiating or participating in the decision to use, or attempt to use, said vessels, for the purpose of transferring a passenger from the M/V Ms. Nancy to the deck of the Ocean Spartan by personnel basket when the winds and seas made standing upon or traversing the deck of the M/V Ms. Nancy extremely hazardous;

(b) directing the plaintiff to leave the safety of the M/V Ms. Nancy's cabin and to proceed to the deck of the M/V Ms. Nancy with his bags for the purpose of disembarking the M/V Ms. Nancy and boarding the Ocean Spartan via personnel basket transfer with the

certain knowledge that plaintiff, in following said directions, would be placed in a position of peril;

(c) failure by the M/V Ms. Nancy to provide safe egress to plaintiff;

(d) failure of the Ocean Spartan to provide safe ingress to plaintiff; and

(e) other negligence to be shown at the trial of this matter.

15.

As a result of the foregoing incident, plaintiff Christopher S. Callahan, as aforesaid, sustained severe injury, including, but not limited to, a severe injury to his low back and both hips.

16.

Prior to this injury, Christopher S. Callahan was able-bodied and in excellent health with an excellent record as an employee and with exceptional earnings and earning capacity.

17.

As a result of the aforementioned injury, claimant has been and remains totally disabled, and has been unable to return his pre-injury occupational duties, or any other form of gainful employment, and has been handicapped in all of his activities. Additionally, he has suffered intense physical and mental pain, has incurred considerable expenses for medical care, and will incur additional medical expense in the future.

18.

As a result of the above, Christopher S. Callahan is entitled to recover a sum sufficient to reimburse him for his loss of earnings, past and prospective, his impaired earning capacity,

medical expenses incurred and to be incurred, and all other economic losses he has sustained or is likely to sustain, and for his injury and the effects thereof, such as physical and mental pain and suffering, psychological damage, discomfort and inconvenience, and the loss of enjoyment of life, and loss of society with his wife and his three minor daughters.

19.

Plaintiff also pleads entitlement to punitive damages should the law and facts warrant same.

WHEREFORE, PETITIONER PRAYS that defendants, Gulf Logistics, L.L.C., Diamond Offshore Drilling, Inc., Diamond Offshore Services Company, Diamond Offshore Management Company, LLOG Exploration Company, L.L.C., and LLOG Exploration Offshore, Inc., be separately served with this petition and summoned to appear and answer same, and that after legal delays and due proceedings had, there be judgment herein in favor of complainants and against all defendants jointly, severally, and in solido, in favor of Christopher S. Callahan, in a sum of not less than Three Million ($3,000,000.00) Dollars, and for such punitive damages as may be warranted, together with legal interest, costs of court, expert fees, and for all general and equitable relief.

Respectfully submitted,

BY:______________________________

RICHARD J. PUTNAM, JR. - T.A. #10911
118 SOUTH STATE STREET
POST OFFICE DRAWER 1045
ABBEVILLE, LA 70511-1045
(337) 893-0076

**PUTNAM LAW FIRM**

118 SOUTH STATE STREET
P.O. DRAWER 1045
ABBEVILLE, LOUISIANA 70511-1045

RICHARD J. PUTNAM, JR.

RICHARD J. PUTNAM III

TELEPHONE
(337) 893-0076
FACSIMILE
(337) 893-0089

March 31, 2006

Honorable Robert H. Shemwell, Clerk
United States District Court
800 Lafayette Street, Suite 2100
Lafayette, Louisiana 70501

**HAND-DELIVERED**

RE: Christopher S. Callahan v. Gulf Logistics, L.L.C., et al
U.S.D.C. Western District of Louisiana, Lafayette—Opelousas Division

Dear Mr. Shemwell:

I am enclosing herewith for filing the following:

(1) A complaint instituting the referenced actions;

(2) A Civil Cover Sheet;

(3) A summons for each defendant; and

(4) My check in the amount of $250.00 to cover the filing costs.

With best regards and thanking you for your courtesies, I am

Yours very truly,

Richard J. Putnam, Jr.

RJPjr/mt

Enclosures