RECEIVED
IN LAKE CHARLES, LA

MAY 2 2 2009
*PAM*
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. CALLAHAN | : | DOCKET NO. 6:06 CV 0561 |
| VS. | : | JUDGE MINALDI |
| GULF LOGISTICS, LLC ET AL. | : | MAGISTRATE JUDGE HILL |

### MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration filed by the plaintiff Christopher S. Callahan, [doc. 101], asking the Court to reconsider its March 31, 2009 Memorandum Ruling, [doc. 99], which granted summary judgment in favor of the defendants. The Diamond entities and the LLOG entities filed an Opposition [doc. 107]. The Gulf Logistics entities also filed an Opposition [doc. 106]. Mr. Callahan filed a single Reply [doc. 110].

Pursuant to Fed. R. Civ. P. 59(e), litigants may move to alter or amend a judgment, provided such a motion is made "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[1] A motion to alter or amend a judgment is an extraordinary remedy and is seldom granted. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Id.* Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A]n unexcused failure to present evidence available at the time of summary

---

[1] Mr. Callahan's motion was timely filed.

1

judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.*

Mr. Callahan presents six reasons why this Court should reconsider its ruling: 1) the court misapplied Fed. R. Civ. P. 56, 2) the court failed to follow *Hodgen*, *Porter*, and *Williams*, 3) there is an issue of material fact as to the height of the sea, 4) there is an issue of material fact as to whether the seas were dangerous, 5) there is an issue of material fact as to whether the plaintiff was directed to prepare for the personnel basket transfer, and 6) "fairness requires vacation of Judgment to provide plaintiff with opportunity to respond to Gulf Logistics' Reply."

First, Mr. Callahan's argument that this Court misapplied the Rule 56 standard rehashes the arguments he presented in opposition to the motions for summary judgment. As stated above, Rule 59(e) is not the proper vehicle for rehashing arguments, and accordingly, this Court declines to reconsider the arguments already presented and discussed in its Ruling.

Second, Mr. Callahan's argument that this Court failed to follow *Hodgen*, *Porter*, and *Williams* is inaccurate. This Court considered and distinguished those cases in its Ruling.[2]

Third, this Court acknowledged in its Ruling that, although there was an issue of fact as to the height of the waves, this issue of fact was not material such that it precluded summary judgment.[3]

Fourth, Mr. Callahan argues that there is an error of fact as to whether he believed the seas were too dangerous. Mr. Callahan submits an affidavit, executed on October 30, 2008, stating that he believed the seas were too rough for a personnel basket transfer.[4] His deposition testimony of September 6, 2007, however, states that he felt the seas were unsafe to be working in, but that

---

[2] Mem. Ruling at 20-21 (Mar. 31, 2009) [doc. 99].

[3] *Id.* at 21.

[4] Pl.'s Ex. A [doc. 101-4].

2

making a personnel basket transfer to the rig was safer than being on the boat.[5] "It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). Furthermore, "the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir. 1984) (citing *Kenneth-Murray Corp v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980)). Mr. Callahan's affidavit contradicting his deposition testimony, executed following his sworn deposition testimony and submitted without explanation, cannot defeat summary judgment.

Fifth, Mr. Callahan argues that there is an issue of fact as to whether he was directed to prepare for the personnel basket transfer. As addressed in the Ruling, Mr. Callahan stated in his deposition that no one directed him to go onto the back deck of the boat, and that it was his choice to go onto the back deck.[6] He also stated that his employer has a "stop work" program that permits him to cease work if he found the conditions unsafe.[7] In his Rule 59(e) motion, Mr. Callahan argues that his deposition and affidavit testimony create a genuine issue of material fact because "[t]he deckhand awakened him and told him, in effect, 'we are here, get ready to offload,'" "the vessel positioned itself next to the jack-up," and "[r]oustabouts were lowered, equipment was offloaded, and it was evident that the basket would be lowered for him soon." The circumstantial evidence does not create an issue of fact as to whether Mr. Callahan was directed to prepare for the transfer.

---

[5] Callahan Dep. 110:2-13.

[6] *Id.* 108:25-109:7.

[7] *Id.* 63.

3

Finally, Mr. Callahan requests this Court vacate its Ruling in order for him to file a response to Gulf Logistics' Response to his Sur-Reply, and to introduce an expert affidavit. Rule 59(e) is not the proper vehicle for presenting evidence or arguments that could have been offered or raised prior to the entry of judgment. Mr. Callahan could have sought leave to file a response to Gulf Logistics' memorandum and included this expert affidavit in the three months that elapsed from the filing of Gulf Logistics' Response to his Sur-Reply and the issuance of the Memorandum Ruling. Furthermore, Mr. Callahan maintains that he did not have an adequate opportunity to respond to Gulf Logistics' Reply.[8] This argument is without merit, because this Court granted Mr. Callahan leave to file a Sur-Reply, [doc. 89], and therefore Mr. Callahan had an opportunity to respond; accordingly,

IT IS ORDERED that the Motion for Reconsideration [doc. 101] is hereby DENIED.

Lake Charles, Louisiana, this 21 day of May, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[8] In his Reply to his Rule 59(e) motion, for the first time in any of his briefs, Mr. Callahan directs this Court to *Champagne v. Tetra Applied Technologies, Inc.*, 05-299, 2005 WL 3478171 (S.D. Tex. 12/20/2005). In *Champagne*, the district court found there were genuine issues of material fact for trial as to wave height and sea conditions that rendered summary judgment inappropriate on the plaintiff's negligence claim, despite the plaintiff's deposition testimony that "he did not consider the seas too rough to conduct a [personnel basket] transfer." *Id.* at *5. *Champagne* is not binding on this Court, and moreover, *Champagne* is a 2005 case. If Mr. Callahan's attorney wished to present arguments based upon *Champagne*, he should have done so during the briefing for the motion for summary judgment. Rule 59(e) motions are not appropriate vehicles for raising arguments that could have been raised prior to the entry of judgment.