RECEIVED
IN LAKE CHARLES, LA.
SEP 16 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CALLAHAN | * | DOCKET NO. 6:06 CV-0561 –PM-KK |
| Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE MINALDI |
| | * | |
| GULF LOGISTICS, L.L.C., ET AL | * | MAGISTRATE JUDGE HILL |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss the Plaintiff's Claim for Punitive Damages [Doc. 184], filed by the defendants C & G Boats, Gulf Logistics LLC, and Gulf Logistics Operating, Inc. (collectively "Gulf Logistics") and a Motion to Dismiss the Plaintiffs' Claim for Punitive Damages [Doc. 185], filed by the defendant, Houston Casualty Co ("HCC") (Gulf Logistics and HCC will be referred to collectively as "Defendants"). The plaintiff, Christopher Callahan, timely filed oppositions to both motions [Docs. 189, 190], to which the Defendants filed replies [Docs. 192, 193]. For the following reasons, the Defendants' motions are DENIED.

## BACKGROUND

This case arises out of a maritime tort claim against Gulf Logistics and several other defendants, in which Mr. Callahan allegedly sustained injuries while trying to load his personal belongings into a personnel transfer basket.[1]

---

[1] Pl.'s Compl., [Doc. 1], at ¶¶ 10-13. Mr. Callahan was using the personnel basket in order to be transferred from a ship to an offshore rig. *Id.* at ¶ 7.

1

## LAW AND ANALYSIS

The central issue herein is whether 33 U.S.C. §905(b),[2] a provision of the Longshoremen and Harbor Workers' Compensation Act (LHWCA), in which the plaintiff grounds his complaint, permits the recovery of punitive damages in a negligence action for alleged injuries sustained outside territorial waters. There is conflicting authority on this question. In *Exxon Mobil Corp. v. Minton*, 285 Va. 115, 135 (2013), the Supreme Court of Virginia held that the statutory language of § 905(b), which states that "[t]he remedy in this subsection <u>shall be exclusive of all other remedies against the vessel except remedies available under this [Act]</u>" necessarily requires the finding that "punitive damages are not a remedy made available within the terms of the LHWCA". *Kahumoku v. Titan Mar., LLC*, 486 F. Supp. 2d 1144, 1151 (D. Haw. 2007), on the other hand, found that § 905(b)'s silence as to the "type of damages . . . does not preclude an award of punitive damages under any general maritime or admiralty law theory." The Fifth Circuit has commented to some extent on the availability of non-pecuniary damages under § 905(b). *See, e.g., Randall v. Chevron U.S.A., Inc.*, 13 F.3d 888, 901-03 (5th Cir. 1994) (citing *Ferrara v. Fukuoka Senpaku K.K.*, 1991 U.S. Dist. LEXIS 4862 (D. Mass. 1991)) (permitting non-pecuniary damages for both pain and suffering and loss of society, and noting "that the LHWCA does not explicitly limit damages recoverable to 'pecuniary damages,' as do the DOHSA [Death on the High Seas Act] and the Jones Act"). The specific question of the availability of punitive damages for a negligence action under § 905(b), however, is somewhat unsettled.

Prior to the 1972 amendments, a longshoreman had a maritime claim "against the shipowner if [his] injury was caused by the ship's unseaworthiness *or* negligence." *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 164 (1981). In 1972, Congress amended

---

[2] Pl.'s Compl. [Doc. 1-1], at ¶ 1.

the LHWCA, 86 Stat. 1251, as amended, 33 U.S.C. §§901-950, effectively barring longshoremen or harbor workers from recovering from shipowners for death or injury resulting from a breach of the duty of seaworthiness. *See* 33 U.S.C. § 905(b). § 905(b), however, preserved a worker's right to recover in an action sounding in negligence.[3]

The defendants rest their argument regarding punitive damages heavily on the opinion of the court in *Robertson v. Arco Oil and Gas Co.*, 766 F. Supp. 535 (W.D. La. 1991), *aff'd on other grounds*, 948 F.2d 132 (5th Cir. 1991). *Robertson* involved an action for loss of consortium under the LHWCA; the defendant argued that such a claim was not cognizable under general maritime law. *Robertson*, 766 F. Supp. at 536. In holding that a claim for loss of consortium was not available under §905(b), this court stated that § 905(b) was not enacted to create new remedies, but rather to "merely codif[y] *existing nonstatutory general maritime negligence remedies* against vessel owners and extend[] them to offshore workers." *Id.* at 537 (citations omitted) (emphasis added).

The defendants argue that *Robertson* stands for the proposition that a claimant suing under § 905(b) cannot recover any non-pecuniary damages, including punitive damages. This court does not read *Robertson* so broadly; however, even if it did, the Supreme Court's recent opinion in *Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009) alters the analytical foundation upon which the reasoning in *Robertson* was laid.

---

[3] *See* 33 U.S.C. §905(b), stating, in pertinent part,
    In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 33 of this Act [33 USCS § 933], and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void .... The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this Act.

3

At the time *Robertson* was decided, there were some open questions as to which nonpecuniary losses were recoverable under general maritime law after *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573 (1974). In *Gaudet*, the Supreme Court allowed a claimant to seek recovery for loss of society, a nonpecuniary loss, where the deceased husband was a longshoreman who died in territorial waters. *Id.* at 591. The Supreme Court thereafter extended this right to the dependents of *injured* longshoremen. *American Export Co. v. Alvez*, 446 U.S. 274 (1980). However, in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), the United States Supreme Court "limited the application of the *Gaudet/Alvez* right to recover consortium strictly to longshoremen injured in territorial waters," *Robertson*, 766 F. Supp. at 539 (citing *Miles*, 111 S. Ct. at 325). The *Robertson* court, relying heavily on *Miles*, held that the plaintiff, whose injury occurred outside territorial waters, could not recover damages for loss of consortium under § 905(b). *Id.* However, the *Robertson* opinion, though not dispositive, should not be read as a *per se* bar on the recovery of all nonpecuniary damages under the LHWCA.

As the plaintiff notes in his opposition, the court recently stated that "in actions brought under § 905(b), an injured LHWCA covered employee may recover those items of damages which are recoverable under the general maritime law, including . . . pain and suffering." *Baham v. Nabors Drilling USA, LP*, 721 F. Supp. 2d 499, 514-15 (W.D. La. 2010). Thus, *Robertson* may not be read as a preclusion of *all* nonpecuniary damages under § 905(b).

The defendants, however, ably note that "the reasoning of *Miles, Murray*, and *Robertson* is that uniformity compels that non-pecuniary damages not recoverable under the Jones Act should not be recoverable under a [§] 905(b) claim either."[4] However, accepting this premise as true, the inverse must also be true: that damages recoverable under the Jones Act are recoverable

---

[4] Defendant's Reply to Plaintiff's Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Claim for Punitive Damages [Doc. 192], at ¶ 2.

4

under § 905(b). The Supreme Court's recent pronouncement in *Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009) would seem to militate against the defendants' position.

The question presented in *Townsend* was "whether an injured seaman may recover punitive damages for his employer's willful failure to pay maintenance and cure." *Id.* at 407. The petitioners therein argued that *Miles* precluded recovery by injured seamen of any damages not available under the Jones Act. The Court disagreed, noting that, "[h]istorically, punitive damages have been available and awarded in general maritime actions, including some in maintenance and cure. [The Court found] nothing in *Miles* or the Jones Act [that] eliminate[d] that availability." *Id.*[5]

Further, the Court in *Townsend* dispensed with the petitioners' argument that *Miles* precluded the availability of punitive damages under general maritime law, stating that a reading which interprets *Miles* as "limit[ing] recovery in maritime cases involving death or personal injury to the remedies available under the Jones Act and the Death on the High Seas Act (DOHSA) . . . is far too broad." *Townsend*, 557 U.S. at 418-19 (*citing* 46 U.S.C. §§ 30301-30306). "[B]y providing a remedy for wrongful death suffered on the high seas or in territorial waters, [*Miles* recognized that] the Jones Act and DOHSA displaced a general maritime rule that denied any recovery for wrongful death." *Id.* at 419 (citing *Miles*, 498 U.S. at 23-24). Thus, the Court in *Miles* was tasked only with determining whether statutory maritime law such as the Jones Act and DOHSA expanded the relief previously available under general maritime law. *Id.* Discussing such relief, the Court notes that punitive damages "were well established before the

---

[5] The Court took note of the previous conflicting pronouncements from several Courts of Appeal, including that of the Fifth Circuit, finding them unpersuasive. *Townsend*, 557 U.S. at 408 (citing *Guevara v. Maritime overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995) (wherein the Fifth Circuit held that punitive damages were not available in an action for maintenance and cure under the Jones Act per the "uniformity principle" set forth in *Miles*)).

passage of the Jones Act." *Id.* at 420 (internal citations omitted). As such, these were damages previously available as part of general maritime law, and the availability of such damages was not altered by the enactment of § 905(b). Ultimately, the Supreme Court finds that "the availability of punitive damages for maintenance and cure actions is entirely faithful to these 'general principles of maritime tort law,' and no statute casts doubt on their availability under general maritime law." *Id.* at 421.

As a result of the Supreme Court's recent assertion in *Townsend*, and its clarification of its holding in *Miles*, it seems clear that punitive damages are available for actions under general maritime law unless Congress has expressly forbade such availability. This court finds nothing in the language of § 905(b) which could be construed as so limiting the availability of punitive damages in a negligence action under the LHWCA.[6] Accordingly,

IT IS ORDERED that Defendants', Gulf Logistics, L.L.C., Gulf Logistics Operating, Inc., C&G Boats, Inc., and Houston Casualty Company, Rule 12(b)(6) Motion to Dismiss Plaintiff's Claim for Punitive Damages is hereby DENIED.

Lake Charles, Louisiana, this 16 day of September, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] It should be noted that the court is aware that at least one other court in this circuit has reached a contrary conclusion on this issue. *See In re: Int'l Marine, L.L.C.*, 2013 U.S. Dist. LEXIS 91370, 30 (E.D. La. 2013) (holding that under *Scarborough v. Clemco Indus.*, 391 F.3d 660 (5th Cir. 2004), a seaman and his spouse are barred from seeking punitive damages . . . from a non-employer third party."). However, the court therein acknowledged that "[t]he reasoning employed in *Townsend* casts doubt on the continued applicability of *Scarborough*." *Id.* at 31, n. 10.

6